UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA ALEBORD,

       Plaintiff,

v.                         Case No.  8:16-cv-409-T-33TBM

OSHA,

       Defendant.
_____/

## ORDER

    This matter is before the Court pursuant to Plaintiff Diana Alebord's June 10, 2016, pro se "Motion to Avoid Unnecessary Expenses," in which she requests more time to effect service of process or, in the alternative, requests that the United States waive service of the summons and complaint. (Doc. # 8).  As explained below, the Court grants the Motion to the extent that the Court grants Alebord an additional 30 days, to and including **July 13, 2016**, in which to effect service of process on the United States.  Failure to effect service within this period will result in the dismissal of the case without prejudice.

## Discussion

    On February 22, 2016, Pro se Plaintiff Diana Alebord filed a Complaint against "OSHA" for violation of the Freedom of Information Act and paid the Court's filing fee. (Doc. # 1).  The Court notes that "OSHA" – the Occupational Safety and

Health Administration – is a division of the Department of Labor, 29 U.S.C. § 651, and "the true Defendant in this action is the Department of Labor." <u>Hayes v. United States Department of Labor</u>, No. 96-1149, 1998 U.S. Dist. LEXIS 14120, at n.2 (S.D. Ala. June 19, 1998).

On March 28, 2016, the Court entered an Order explaining to Alebord the requirements for effecting service on the United States. (Doc. # 6 at 1-2).  In addition to listing the steps that Alebord must follow to serve the United States, the Court explained that Alebord is responsible for notifying the Court when service has been accomplished. (<u>Id.</u> at 2).  That Order also warned Alebord that the deadline for service was May 23, 2016. (<u>Id.</u> at 3).

On May 26, 2016, the Court entered an Order directing Alebord to show cause why the case should not be dismissed based on her failure to timely serve the United States. (Doc. # 7). On June 10, 2016, in response to the Order to Show Cause, Alebord filed her "Motion to Avoid Unnecessary Expenses." (Doc. # 8).  Although Alebord paid the filing fee in this action and has not moved to proceed *in forma pauperis*, she states that she is experiencing "extreme financial hardship" and has "zero work." (<u>Id.</u> at 1).

The Court notes that serving the defendant is every

2

plaintiff's responsibility, and it is not an "unnecessary" expense.   Service of the complaint is a fundamental requirement in our justice system because it is the mechanism by which the defendant is notified of the action.   In addition, the Court notes that it is not in a position to require a defendant to waive service.   That is a defendant's choice to make and it is not a Court function to facilitate a waiver of service.

In the instance that Alebord needs more time to effect service upon the United States in accordance with Rule 4(i), Fed. R. Civ. P., the Court exercises its discretion to allow her an additional 30 day period, until and including July 13, 2016.   In the instance that Alebord is unable to effect service by July 13, 2016, with proof thereof made on the docket, the Court will dismiss the action without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Diana Alebord's "Motion to Avoid Unnecessary Expenses," (Doc. # 8) is **GRANTED** to the extent that the Court enlarges the deadline for effecting service on the United States to and including **July 13, 2016.**   In the instance that Alebord fails to serve the United States and file proof thereof on the docket by **July 13, 2016,** the Court will dismiss

3

the case without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u>

day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4