```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

DIANA ALEBORD,

      Plaintiff,

v.                              Case No. 8:16-cv-409-T-33TBM

OSHA,

      Defendant.
_____/

## ORDER

    This matter is before the Court sua sponte. As outlined below, the Court dismisses this action without prejudice based on Plaintiff's failure, after an enlargement of time, to effect service of process on Defendant.

## Discussion

    On February 22, 2016, pro se Plaintiff Diana Alebord filed a Complaint against "OSHA" for violations of the Freedom of Information Act. (Doc. # 1). The Court notes that "OSHA" – the Occupational Safety and Health Administration – is a division of the Department of Labor, 29 U.S.C. § 651, and "the true Defendant in this action is the Department of Labor." Hayes v. U.S. Dep't of Labor, No. 96-1149, 1998 U.S. Dist. LEXIS 14120, at n.2 (S.D. Ala. June 19, 1998).

    On March 9, 2016, Alebord filed a purported "proof of service" document (Doc. # 5), but that document did not evidence that she properly effected service of process on the

United States in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Thereafter, on March 28, 2016, the Court entered a detailed Order explaining to Alebord the requirements for effecting service on the United States under the Federal Rules of Civil Procedure. (Doc. # 6 at 1-2). In addition to listing the specific steps that Alebord must follow to serve the United States, the Court explained that Alebord is responsible for notifying the Court when service has been accomplished. (Id. at 2). That Order also warned Alebord that the deadline for service was May 23, 2016. (Id. at 3).

On May 26, 2016, the Court entered an Order directing Alebord to show cause why the case should not be dismissed based on her failure to timely serve the United States. (Doc. # 7). On June 10, 2016, in response to the Order to Show Cause, Alebord filed her "Motion to Avoid Unnecessary Expenses," which the Court construed as a request for additional time to accomplish service. (Doc. # 8). Although Alebord paid the filing fee and did not move to proceed *in forma pauperis*, she stated in her Motion that she is experiencing "extreme financial hardship" and has "zero work." (Id. at 1).

In an abundance of fairness to Alebord, on June 13, 2016,

2

the Court granted Alebord an extension of time to serve the United States, to and including July 13, 2016. (Doc. # 9). The Court warned Alebord that: "In the instance that Alebord fails to serve the United States **and** file proof thereof on the docket by **July 13, 2016,** the Court will dismiss the case without prejudice." (Id. at 3-4)(emphasis added).

The docket reflects that, even with a lengthy extension of time, Alebord has not effected service upon the United States. The Court accordingly dismisses the case without prejudice and directs the Clerk to close the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This case is dismissed without prejudice based on Plaintiff Diana Alebord's failure to effect service of process. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3